# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>LEAF123, INC. (F/K/A NATROL, INC.), et al.,<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 14-11446 (BLS)<br><br>(Jointly Administered) |
| NATROL LLC,<br><br>　　　　Plaintiff<br><br>vs.<br><br>PLETHICO PHARMACEUTICALS LIMITED, PLETHICO GLOBAL HOLDINGS B.V., PLETHICO US HOLDINGS KFT, LEAF123, INC. (F/K/A NATROL, INC.), LEAF123 HOLDINGS, INC. (F/K/A NATROL HOLDINGS, INC.), LEAF123 PRODUCTS, INC. (F/K/A NATROL PRODUCTS, INC.), LEAF123 DIRECT, INC. (F/K/A NATROL DIRECT, INC.), LEAF123 ACQUISITION CORP. (F/K/A NATROL ACQUISITION CORP.), LEAF123 NUTRITION, INC. (F/K/A PROLAB NUTRITION, INC.), AND LEAF123 RESEARCH INSTITUTE (F/K/A MEDICAL RESEARCH INSTITUTE),<br><br>　　　　Defendants. | Adv. Pro. No. 15-_____ (BLS) |

**DECLARATION OF AASIF KHAN IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; EXHIBITS**

# DECLARATION OF AASIF KHAN

I, Aasif Khan, declare and state as follows:

1. I am Managing Director of Fabtech Technologies International Limited ("Fabtech"), located in Mumbai, India. I have personal knowledge of the matters stated herein, and if called upon to do so, I could and would competently testify hereto.

2. I have reviewed the documents attached hereto as Exhibits A-B, which purport to be two versions of a "Contract for Turnkey Design/Build Construction and Related Services" (the "Subject Contract"), purportedly entered into on February 28 and/or March 6, 2013, between Fabtech, identified as being registered under the laws of Singapore, and Natrol, Inc. ("Natrol"), a Delaware corporation located in United States.

3. Fabtech had no knowledge of or involvement in the negotiation, formation, or execution of the Subject Contract, and did not authorize anyone to execute the Subject Contract on Fabtech's behalf.

4. I do not recognize any signatures on the Subject Contract as belonging to anyone authorized to sign on behalf of Fabtech. The signature purportedly on behalf of Fabtech appears to be a forged signature of Ausaf Ahmed Usmani, Executive Director of Fabtech.

5. Fabtech is not, and has never been, registered under the laws of Singapore.

6. Fabtech does not have, and has never had, any offices or facilities in Singapore.

7. Fabtech does not maintain, and has never maintained, a bank account at Coutts & Co. Ltd., including the accounts referenced in the two versions of the Subject Contract, account numbers ▮5555 and ▮9596.

8. Fabtech and its agents and subcontractors have never provided any services or products directly to Natrol. Shashikant Patel ("Patel"), Chairman and Managing Director of Plethico Pharmaceuticals Limited ("Plethico"), requested that Fabtech provide conceptual designs for a project in the United States that Patel referred to by the name "Natrol." Fabtech agreed to provide the limited design services to Plethico at a fee of $35,000 (USD). Fabtech received 20,000,000 (Indian Rupees) from Plethico.

9. Fabtech did not receive any portion of the $25,000,000 (USD) payment from Natrol contemplated by the Subject Contract. Fabtech does not know whether any of the above-referenced payment of 20,000,000 (Indian Rupees) from Plethico originated from Natrol.

10. Fabtech had no knowledge of or involvement in the creation or use of the email accounts fabtechprojects@yahoo.com and fabtechfinance@yahoo.com, and did not authorize the use of these email addresses to conduct Fabtech business.

11. During the time period from February 2013 to present, Fabtech never employed an individual named "Sanjay Sethi" or authorized any person named "Sanjay Sethi" to represent Fabtech or act on Fabtech's behalf.

12. During the time period from February 2013 to present, Fabtech never employed an individual named "Ramesh Jethva" or authorized any person named "Ramesh Jethva" to represent Fabtech or act on Fabtech's behalf.

13. In December 2013, at the request of Patel, I met with representatives of PricewaterhouseCoopers regarding the "Natrol" project. I first learned of the existence of the Subject Contract during that meeting. When representatives of PricewaterhouseCoopers inquired about the completion schedule for the construction at Natrol and referenced Fabtech's purported receipt of an advance payment for the project, I referred PricewaterhouseCoopers to Patel. Fabtech subsequently made several requests to Patel for the Subject Contract, which he failed to provide. Fabtech then requested and received a copy of the Subject Contract from PricewaterhouseCoopers. After several further inquiries to Patel, Fabtech's counsel sent correspondence to Plethico, Patel, and other Plethico directors, attached hereto as Exhibit C.

14. I have reviewed the document attached hereto as Exhibit D, which purports to be a "Delivery Agreement" entered into between Fabtech and Natrol.

15. Fabtech had no knowledge of or involvement in the negotiation, formation, or execution of the Delivery Agreement, and did not authorize anyone to execute the Delivery Agreement on Fabtech's behalf.

16. I do not recognize any signatures on the Delivery Agreement as belonging to anyone authorized to sign on behalf of Fabtech.

17. Fabtech did not ship, cause to be shipped, or authorize the shipment of any equipment, goods, or other materials to Natrol.

18. Fabtech has never authorized Plethico or any of its subsidiaries or agents, to represent Fabtech or act on Fabtech's behalf.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed March 24th, 2015, at Mumbai, Maharashtra, India.

_____
AASIF KHAN

*Aasif A. Khan*
*24.03.2015*

101900205.2.DOC

Gibson, Dunn & Crutcher LLP