# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : |
| LEAF123, INC. (F/K/A NATROL, INC.), et al., | : Chapter 11 |
| Debtors. | : Case No. 14-11446 (BLS) |
| | : (Jointly Administered) |
| | : |
| NATROL LLC, | : |
| Plaintiff | : |
| vs. | : |
| PLETHICO PHARMACEUTICALS LIMITED, PLETHICO GLOBAL HOLDINGS B.V., PLETHICO US HOLDINGS KFT, LEAF123, INC. (F/K/A NATROL, INC.), LEAF123 HOLDINGS, INC. (F/K/A NATROL HOLDINGS, INC.), LEAF123 PRODUCTS, INC. (F/K/A NATROL PRODUCTS, INC.), LEAF123 DIRECT, INC. (F/K/A NATROL DIRECT, INC.), LEAF123 ACQUISITION CORP. (F/K/A NATROL ACQUISITION CORP.), LEAF123 NUTRITION, INC. (F/K/A PROLAB NUTRITION, INC.), AND LEAF123 RESEARCH INSTITUTE (F/K/A MEDICAL RESEARCH INSTITUTE), | : Adv. Pro. No. 15-_____ (BLS) |
| Defendants. | : |

**DECLARATION OF ERIC D. VANDEVELDE IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; EXHIBITS**

## DECLARATION OF ERIC D. VANDEVELDE

I, Eric D. Vandevelde, declare and state as follows:

1. I am an attorney with the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), and I am one of the attorneys principally responsible for the representation of Plaintiff Natrol LLC ("New Natrol") in the above-captioned adversary proceeding.

2. New Natrol's parent, Aurobindo Pharma USA Inc. ("Aurobindo"), purchased substantially all of the assets of Leaf123, Inc. (f/k/a Natrol, Inc.) and its subsidiaries (collectively, "Old Natrol") through an asset purchase agreement and auction supervised and approved by this Court, and thereafter assigned such assets to New Natrol. As part of this sale and assignment, New Natrol acquired, amongst other assets, all of Old Natrol's books, records, and information technology ("IT") systems, including any data they contained.

3. In February 2015, New Natrol retained Gibson Dunn to investigate the circumstances of the formation and execution of a contract between Old Natrol and Fabtech Technologies International Limited ("FTIL"), executed March 6, 2013 (the "Fabtech Contract"), pursuant to which Old Natrol had prepaid $25 million for a "turnkey" construction project.

4. As part of our investigation, Gibson Dunn obtained from New Natrol's IT staff, specifically, Mirella Jolicoeur, copies of electronically stored information ("ESI") from New Natrol's IT systems, including, amongst other ESI, data pertaining to the email accounts for Chirag Patel (csp.plethico@natrol.com and csp@natrol.com), Mesrop Khoudagoulian (mkhoudagoulian@natrol.com), Richard Hiraga (rhiraga@natrol.com), Jenia Khudagulyan (jkhudagulyan@natrol.com), Michael Psomas (mpsomas@natrol.com), Thomas Spaeth (tspaeth@natrol.com), Inna Korikhman (ikorikhman@natrol.com), and Rosa Frias (rfrias@natrol.com).

5. Gibson Dunn also obtained copies of ESI from the law firm of Miller Barondess, special litigation counsel for Old Natrol, including, amongst other ESI, email data and other ESI pertaining to Stephen Milner (SMilner@Squarmilner.com) and ESI pertaining to Katherine Gough, both of the accounting firm Squar Milner.

6. Gibson Dunn also obtained copies of ESI from the law firm of Irell & Manella, counsel for Mesrop Khoudagoulian (in connection with compensation negotiations), including, amongst other ESI, certain email data pertaining to Khoudagoulian's AOL account (kmesrop@aol.com).

7. Gibson Dunn retained Navigant Consulting, Inc. ("Navigant") to make forensic copies of certain additional ESI, including the following: the laptop computer Mesrop Khoudagoulian used/uses to conduct Old/New Natrol business; the desktop computer Jenia Khudagulyan used/uses to conduct Old/New Natrol business; and certain network share directories on Old/New Natrol's server, including file directories pertaining to Chirag Patel, Richard Hiraga, Mesrop Khoudagoulian, Jenia Khudagulyan, and Michael Psomas.

8. Navigant obtained, either directly from New Natrol or through Gibson Dunn, the above ESI for further analysis.

9. Attached hereto as Exhibit 1 is a true and correct copy of Plethico Pharmaceuticals Limited's ("Plethico") Annual Report for 2014.

10. Attached hereto as Exhibit 2 is a true and correct copy of the Fabtech Contract, executed by Chirag Patel on March 6, 2013.

11. Attached hereto as Exhibit 3 is a true and correct copy (created by a Gibson Dunn attorney under my supervision) of the following webpage on Plethico's website, as of April 4, 2015: http://www.plethico.com/new/about-us/management-team.html.

12. Attached hereto as Exhibit 4 is a true and correct copy of an email sent to Poonam Sanghavi on June 8, 2012.

13. Attached hereto as Exhibit 5 is a true and correct copy of an email sent by Mesrop Khoudagoulian on March 5, 2013, attaching an unexecuted version of the Fabtech Contract, dated March 5, 2013.

14. Attached hereto as Exhibit 6 is a true and correct copy of an email sent by Chirag Patel on March 6, 2013, attaching a version of the Fabtech Contract dated March 5, 2013, purportedly signed by the "Executive Director" of FTIL.

15. Attached hereto as Exhibit 7 are true and correct copies of selected pages of the June 27, 2014 deposition of Thomas Spaeth.

16. Attached hereto as Exhibit 8 is a true and correct screenshot (created by a Gibson Dunn attorney under my supervision) of the following webpage on the website of Coutts & Co Ltd ("Coutts"), as of April 4, 2015: http://international.coutts.com/en/about-us/.

17. Attached hereto as Exhibit 9 is a true and correct screenshot (created by a Gibson Dunn attorney under my supervision) of the following webpage on Coutts's website, as of April 4, 2015: http://international.coutts.com/en/locations/.

18. Attached hereto as Exhibit 10 is a true and correct copy of an email sent by Jenia Khudagulyan on March 6, 2013, attaching a wire transfer confirmation for a $25 million payment to the purported FTIL pursuant to the Fabtech Contract.

19. Attached hereto as Exhibit 11 is a true and correct copy of an email sent by Jenia Khudagulyan on March 7, 2013.

20. Attached hereto as Exhibit 12 is a true and correct screenshot (created by a Gibson Dunn attorney under my supervision) of FTIL's website, as of April 4, 2015: http://www.fabtecheng.com/.

21. Attached hereto as Exhibit 13 is a true and correct copy of the results of a California Secretary of State "Business Search" for "Fabtech Technologies International Limited," under both "Corporation Name" search and "Limited Liability Company/Limited Partnership Name" search, and a true and correct copy of the results of a "Department of Consumer Affairs Contractors State License Board Search" for "Fabtech", performed by a Gibson Dunn attorney under my supervision on April 5, 2015.

22. Attached hereto as Exhibit 14 is a true and correct screenshot (created by a Gibson Dunn attorney under my supervision) of the following webpage of the website of Allied Corporate Services ("Allied"), as of April 5, 2015: http://www.alliedcorps.com/site/about_us.html.

23. Attached hereto as Exhibit 15 is a true and correct copy of an email from Inna Korikhman on November 11, 2011, attaching a spreadsheet (attachment omitted from the exhibit).

24. Attached hereto as Exhibit 16 is a true and correct copy of Plethico US Holdings Kft.'s Annual Report for 2010.

25. Attached hereto as Exhibit 17 is a true and correct copy of a bank statement pertaining to a Bank of America bank account purportedly in the name of Old Natrol for the month of March 2011.

26. Attached hereto as Exhibit 18 is a true and correct copy of an email from Chirag Patel on March 12, 2013, attaching a file entitled "Plant_layout.pdf".

27. Attached hereto as Exhibit 19 is a true and correct copy of an executed "Second Amendment to Lease," dated April 2, 2013, signed by Devdutt Dhikle on behalf of Plethico and Jenia Khudagulyan on behalf of Old Natrol.

28. Attached hereto as Exhibit 20 is a true and correct copy of an email from Chirag Patel on April 30, 2013.

29. Attached hereto as Exhibit 21 is a true and correct copy of an email sent by Jenia Khudagulyan on May 8, 2013, attaching preliminary project schedules.

30. Attached hereto as Exhibit 22 is a true and correct copy of a letter from Cerberus Business Finance LLC to Old Natrol, dated September 6, 2013.

31. Attached hereto as Exhibit 23 is a true and correct copy of an email sent by Mesrop Khoudagoulian on February 10, 2015.

32. Attached hereto as Exhibit 24 is a true and correct copy of an email sent by Mesrop Khoudagoulian on June 24, 2014.

33. Attached hereto as Exhibit 25 is a true and correct copy of an email sent by Devdutt Dhikle on June 28, 2014.

34. Attached hereto as Exhibit 26 is a true and correct copy of an email sent by Devdutt Dhikle on July 1, 2014.

35. Attached hereto as Exhibit 27 is a true and correct copy of an email sent by "Sanjay Sethi" on July 23, 2014, attaching a project status report.

36. Attached hereto as Exhibit 28 is a true and correct copy of an email sent by "Sanjay Sethi" on August 7, 2014.

37. Attached hereto as Exhibit 29 is a true and correct copy of an email sent by "Sanjay Sethi" on August 11, 2014, along with selected attachments to such email relating to a shipment of equipment to Old Natrol.

38. Attached hereto as Exhibit 30 is a true and correct copy of an email sent by "Sanjay Sethi" on September 2, 2014.

39. Attached hereto as Exhibit 31 is a true and correct copy of an email sent by Devdutt Dhikle on September 1, 2014.

40. Attached hereto as Exhibit 32 is a true and correct screenshot (created by a Gibson Dunn attorney under my supervision) of the following webpage on the website of Gansons Limited ("Gansons"), as of April 4, 2015: http://www.gansons.com/index.php/current.

41. Attached hereto as Exhibit 33 is a true and correct copy of an email sent by "Sanjay Sethi" on August 21, 2014.

42. Attached hereto as Exhibit 34 is a true and correct copy of an email sent by "Sanjay Sethi" on September 25, 2014.

43. Attached hereto as Exhibit 35 is a true and correct copy of an email sent by "Sanjay Sethi" on October 30, 2014, attaching a file called "Delivery Agreement" dated October 29, 2014, purportedly signed by "Sanjay Sethi" on behalf of FTIL.

44. Attached hereto as Exhibit 36 is a true and correct copy of a selected page of a document received from Gansons via Aurobindo relating to an email sent by Manish Dixit on July 4, 2013.

45. Attached hereto as Exhibit 37 are true and correct copies of selected pages of a document received from Gansons via Aurobindo relating to invoices for a "Fabtech" shipment.

46. Attached hereto as Exhibit 38 is a true and correct copy of the relevant page of a document received from Gansons via Aurobindo called "Inward Remittance Payment Advice," dated July 4, 2014.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed April 5, 2015, at Los Angeles, California.

_____
Eric D. Vandevelde